# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRINA SANKEY, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19-cv-7510 |
| vs. | ) ) |
| NATIONWIDE CREDIT AND COLLECTIONS INC., | ) ) ) |
| Defendant. | ) Jury Demanded ) ) |

## CLASS ACTION COMPLAINT

Plaintiff Patrina Sankey, on behalf of herself and all others similarly situated, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

2. This Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant does business in this District, made the calls that are the subject of this lawsuit to Plaintiff and others in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## STANDING

3. Defendant placed calls to Plaintiff's cell phone using an automated dialer without her consent.

1

4. Plaintiff has a congressionally defined right to be free of automated calls to her cell phone for which she has not given her express consent.

5. Plaintiff's has thus suffered an injury as a result of Defendant's invasion of her privacy, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff Patrina Sankey is a natural person who resides in this District.

7. Defendant, Nationwide Credit and Collection Inc. ("Nationwide"), is an Illinois corporation. Its registered agent and address is 123 North Wacker Drive, Suite 250, Chicago, Illinois, 60606.

8. Nationwide does or transacts business in Illinois and is registered with the Illinois Secretary of State.

## FACTS

9. Plaintiff has received multiple calls to her cellular telephone from Defendant. Most of these calls are believed to have happened in October and November 2019, although there very well may have been calls before and after that period.

10. On or about November 6, 2019, at 11:20AM, Plaintiff received a voicemail from Defendant, left on her cellular telephone.

11. The voicemail featured a pre-recorded or artificial voice informing Plaintiff of an "important message".

12. On or about November 7, 2019, at 10:23AM, Plaintiff called the number indicated by the pre-recorded voice in the voicemail.

13. Plaintiff was connected with an agent of Nationwide who identified herself as "Portia".

14. Nationwide authorized, directed, and ratified all actions of its agent.

15. Plaintiff asked who she was looking for, and Portia replied that she was looking for a Sheila Sankey.

16. Plaintiff stated that Sheila Sankey is her mother.

17. Portia informed Plaintiff that she was attempting to collect an alleged debt to John Stroger Hospital for her mother.

18. Plaintiff never gave Nationwide consent to contact her on her cellular phone.

19. Plaintiff never gave John Stroger Hospital consent to contact her on her cellular phone.

20. The voicemail left by Nationwide featured a pre-recorded or artificial voice which indicates the use of an autodialer – that is, a combination of software and hardware that can automatically dial numbers without human intervention.

21. On information and belief, such equipment also has the capacity to produce telephone numbers using a random or sequential number generator and to dial those numbers.

22. Many of the numbers Nationwide calls to collect a debt are obtained by "skip-tracing," an investigative method used to obtain consumer phone numbers from online databases and credit reports, rather than from consumers themselves.

23. Nationwide may also obtain consumer phone numbers from third-parties or their own records regarding other transactions, accounts, or business matters.

24. Nationwide knows that they do not have "prior express consent" to call phone numbers that had been obtained through skip tracing; from third parties; or from matters unrelated to the subject matter of a given call.

25. Nationwide also knows that a consumer may, at any time and for any reason, revoke consent to be called at a certain number or numbers.

26. Upon information and belief, Nationwide keeps records and data from which it can determine which phone numbers they do not have consent to call (e.g. skip-traced numbers; revoked consent).

27. Nationwide does not use these records to prevent their calls from being placed to those numbers but chooses to call those numbers using an autodialer and/or pre-recorded or artificial voice for business reasons.

28. Defendant knew about the TCPA before making the calls to plaintiff and the class but made these autodialed/pre-recorded message calls to cellular phones in spite of such knowledge.

29. On information and belief, Nationwide also used third party vendors to make calls.

30. The telephone calls were annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of her cellular telephone line for other potential callers.

31. The telephone calls were intentionally, willfully and knowingly initiated without Plaintiff's consent as Defendant was aware it did not have consent from her to call her cellular phone.

32. The telephone calls were not initiated by accident or mistake.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of a class consisting of:

**Automatic Telephone Dialing System Class**
All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, Nationwide called using the same or similar dialing system used to call Plaintiff, where such calling occurred without the person's permission.

34. And a a class consisting of:

**Prerecorded Voice Class**
All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, Nationwide called using a prerecorded voice message to call Plaintiff, where such calling occurred without the person's permission.

35. Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number Nationwide called without permission using the same equipment used to call Plaintiff.

36. Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cellular telephone number was called using a pre-recorded or artificial voice without permission.

37. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

   a. Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

  b. Whether the calls to Plaintiff and the class were made using a prerecorded or artificial voice message as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

  c. Whether Nationwide had prior express consent to the cell phone numbers of Plaintiff and the other members of the class; and

  d. Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

  38. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Intestate's liability to Plaintiff and the other members of the class and subclass are the same: Nationwide violated the TCPA by causing automated calls to be made to the cellular telephone number of each member of the class, without permission.

  39. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and she has retained counsel competent and experienced in class and complex litigation.

  40. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

41. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

42. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

43. The identity of the class is, on information and belief, readily identifiable from Defendant's records.

## **COUNT I – TCPA – AUTOMATED TELEPHONE DIALING SYSTEM**

44. Plaintiff incorporates by reference paragraphs 1-43 above.

45. Defendant contacted Plaintiff using an automated telephone dialing system, in violation of 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff Patrina Sankey, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

    A. Certification of the class as alleged herein;

    B. A declaration that Nationwide violated the TCPA as to Plaintiff and the class;

    C. Injunctive relief aimed at ensuring the prevention of Nationwide from violating the TCPA in the future, including:

          1.       Requiring Nationwide to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Nationwide's outbound calls to ensure that Nationwide had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

    D.       Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every nonconsensual call to each and every class member;

    E.       Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

    F.       Attorneys' fees and costs, as permitted by law; and

    G.       Such other or further relief as the Court deems just and proper.

**COUNT II – TCPA – ARTIFICIAL OR PRERECORDED VOICE**

46. Plaintiff incorporates by reference paragraphs 1-43 above.

47. Defendant contacted Plaintiff using an artificial or precorded voice, in violation of 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff Patrina Sankey, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

    A.       Certification of the class as alleged herein;

    B.       A declaration that Nationwide violated the TCPA as to Plaintiff and the class;

C. Injunctive relief aimed at ensuring the prevention of Nationwide from violating the TCPA in the future, including:

1. Requiring Nationwide to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Nationwide's outbound calls to ensure that Nationwide had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

D. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every call employing the use of an artificial or prerecorded voice to each and every class member

E. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

By: s/Michael W. Drew
One of Plaintiff's Attorneys

Michael W. Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com

Celetha C. Chatman
Michael J. Wood
**Community Lawyers LLC**
20 N. Clark Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If any defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By: /s/ Michael Drew
    Michael Drew