**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PATRINA SANKEY, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) NATIONWIDE CREDIT AND COLLECTIONS INC., ) ) ) Defendant. ) | Case No. 19-cv-07510 Hon. Manish Shah Magistrate Judge Jeffrey Cummings <u>Jury Demanded</u> |

**Initial Joint Status Report**

1. Nature of the Case

   a. <u>Plaintiff's Attorneys:</u>
      Michael W. Drew, Lead Attorney
      Neighborhood Legal, LLC
      20 N. Clark St. #3300
      Chicago, IL 60602
      312-967-7220
      mwd@neighborhood-legal.com

      Celetha C. Chatman
      Michael J. Wood
      **Community Lawyers LLC**
      20 N. Clark Suite 3100
      Chicago, IL 60602
      Ph: (312) 757-1880
      Fx: (312) 265-3227
      cchatman@communitylawyersgroup.com

      <u>Defendant's Attorney:</u>
      David M. Schultz, Lead Trial Attorney
      Brandon S. Stein
      Hinshaw & Culbertson LLP
      151 North Franklin Street, Suite 2500
      Chicago, IL 60606
      Telephone: 312-704-3000
      dschultz@hinshawlaw.com
      bstein@hinshawlaw.com

b. <u>Jurisdiction</u>

This Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claims arise under a federal law, the TCPA.

c. <u>Nature of the Claims</u>

Plaintiff Patrina Sankey ("Sankey") is bringing the lawsuit as a class action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

The TCPA prohibits the use of an autodialer to make calls to a consumer's cell phone with limited exceptions. The TCPA also prohibits the use of an artificial or prerecorded voice to make calls to a consumer's cell phone with limited exceptions.

A consumer must have provided prior express consent to be called at a specific number. Consent may be revoked by the consumer at any time using any reasonable method.

Sankey has alleged that Nationwide Credit and Collections, Inc. ("Nationwide") called her cell phone using an autodialer and/or a prerecorded voice without her consent. Sankey also alleges that Nationwide has called hundreds of other consumers using an autodialer and/or a prerecorded voice without their consent. Consumers can recover up to $500 for each of these violations or up to $1,500 for each knowing or willful violation. Defendant denies the allegations and has provided Plaintiff with evidence that she did consent to be called on her phone.

There are no third-party claims or counterclaims at this time.

d. <u>Major Legal and Factual Issues</u>

- The number of calls Nationwide made to Sankey and the other members of the putative class.
- Whether Nationwide used an autodialer as that term is defined by the statute and/or the FCC's implementing regulations.
- Whether Nationwide used an artificial or prerecorded voice as that term is defined by the statute and/or the FCC's implementing regulation.
- If Nationwide had consent to call Sankey and other members of the putative class.
- If Sankey and other members of the putative class revoked consent.
- Whether any violations were done willfully or knowingly.
- Can a class be certified under Federal Rule of Civil Procedure 23.

e. <u>Relief Sought</u>

Sankey seeks statutory damages for herself and the putative class of $500 for each violation of the TCPA and $1,500 for each willful or knowing violation of the TCPA.

Sankey additionally seeks a declaration that Nationwide violated the TCPA as to herself and the class. Sankey also seeks injunctive relief in the form of court-approved monitoring, auditing, and regular reporting of Nationwide's compliance with the TCPA.

2. MIDP

   a. Counsel are familiar with the MIDP requirements and standing order.

   b. The deadline for the parties' MIDP disclosures are February 12, 2020.

   c. There are no disputes concerning the initial MIDP responses

3. Pending Motions and Case Plan

      a. There are no pending motions. However, a dispute has arisen between the parties over Plaintiff's unwillingness to sign a HIPAA release, which may lead to a pending motion from Defendant in the near future. Plaintiff has alleged that Defendant contacted her without her consent. However, Plaintiff signed documents with her health provider wherein she consented to be called, among other things, through prerecorded messages. Defendant has sought for Plaintiff to sign a HIPAA waiver so it can obtain, produce, and submit these documents as a part of the record and to support its defense, but Plaintiff has refused to do so. Defendant requests the Court's guidance on this issue at the scheduled initial status hearing on January 28, 2020. Dkt. #6.

      b. Discovery Plan

          i. Sankey anticipates needing written discovery and 1-2 depositions. Defendant anticipates needing written discovery and 2-3 depositions.

          ii. Issue written discovery by March 30, 2020

          iii. Fact discovery to close by September 30, 2020

          iv. Expert discovery is not anticipated at this point.

          v. Dispositive motions by November 10, 2020.

      c. A jury trial is requested. Sankey anticipates a 1-2 day trial.

4.      Consent to proceed before a Magistrate Judge

      a. There is not unanimous consent to proceed before a magistrate judge at this time.

5.      Status of Settlement Discussions

      a. Defendant has provided Plaintiff with evidence supporting why Plaintiff has no claim in this matter. Defendant also has made an offer of judgment to Plaintiff, and requested a demand. Defendant requests a settlement conference. Plaintiff objects to a settlement conference before preliminary class discovery.

Dated: January 21, 2020                               Respectfully Submitted By:


s/ Michael W. Drew

Michael W. Drew
Neighborhood Legal, LLC
20 N. Clark St. #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com

Celetha C. Chatman
Michael J. Wood
Community Lawyers LLC
20 N. Clark Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com


*/s/ Brandon S. Stein*
David M. Schultz
Brandon S. Stein
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
dschultz@hinshawlaw.com
bstein@hinshawlaw.com